## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Catherine Esteppe, individually and on behalf of all other similarly situated individuals, | Case No. |
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT** |
| v. | |
| Body Sculpt International, LLC, d/b/a Sono Bello, Body Sculpt of Atlanta, LLC, d/b/a Sono Bello, and DOES 1-20, inclusive, | |
| Defendants. | |

Plaintiff Catherine Esteppe ("Plaintiff"), individually and on behalf of all others similarly situated, files this Collective Action Complaint against Body Sculpt International, LLC d/b/a Sono Bello, Body Sculpt of Atlanta, LLC d/b/a Sono Bello, ("Defendants") and certain Doe Defendants, or their predecessors-in-interest, for damages resulting from their failure to pay their patient care consultants and other consultants overtime wages in accordance with the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 because this action asserts claims arising under federal law, the FLSA, 29 U.S.C. § 201, *et seq.*

2.      Venue is proper in the United States District Court, Northern District of Georgia, pursuant to 28 U.S.C. § 1391, because Defendants Body Sculpt International, LLC and Body Sculpt of Atlanta, LLC, both doing business as Sono Bello, reside in this District and because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

3.      Plaintiff Catherine Esteppe is an adult resident of the State of Georgia. Defendants employed Plaintiff Esteppe in the State of Georgia as a patient care consultant from October 2015 to the end of December 2015.  Plaintiff Esteppe worked exclusively out of Defendants' Atlanta, Georgia office.

4.      Plaintiff Esteppe has consented in writing to assert claims for overtime pay under the FLSA.  (See Ex. A).  As this case proceeds, it is likely that other individuals will sign consent forms and join this action as opt-in plaintiffs.

5.      Plaintiff and all other similarly situated individuals are current and former employees of Defendants within the meaning of the FLSA and were employed by Defendants within three years of the date this Complaint was filed. 29 U.S.C. §§ 203(d) and (e)(1), 255.

6.      Defendant Body Sculpt International, LLC d/b/a Sono Bello, is a corporation with its headquarters located at 8900 E Pinnacle Peak Road, Suite

E200, Scottsdale, Arizona, 85255.  Defendant Body Sculpt of Atlanta, LLC has the same principal address as Defendant Body Sculpt International, LLC.  Plaintiff worked in Defendant's office located at 1150 Hammond Drive Northeast Building E., Suite 500, Atlanta, Georgia 30328.

7.     Does 1-20, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiff.  When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein.  Plaintiff is informed and believes, and therefore alleges that each of fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and others similarly situated were proximately caused by such Defendants.

8.     According to its website, Defendants are "a national leader in laser liposuction and total body transformation."  Defendants provide a "team of highly skilled and trained physicians, [who] specialize in total body transformation, including body contouring and facial lifting."   Defendants' website further indicates that it has more than "75 board certified plastic and facial plastic surgeons" who have performed "over 65,000" total body transformation procedures at its "30 locations nationwide."   Upon information and belief, Defendants operate approximately 16 of these 30 locations nationwide.

3

9.     Defendants employ and employed Plaintiff and those similarly situated in various locations, including: Delaware, Florida, Georgia, Kansas, Massachusetts, New Jersey, New York, and Pennsylvania.

10.     At all relevant times, Defendants were the "employers" of Plaintiff and all similarly situated individuals under the FLSA.

11.     Defendants are "enterprises" as defined by the FLSA, 29 U.S.C. § 203(r)(1) and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

12.     Defendants' gross annual sales made or business done has exceeded $500,000 at all relevant times.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

13.     During the applicable statutory period, Plaintiff and those similarly situated were employed as patient care consultants, traveling patient care consultants, sales consultants, and similar job titles, and held non-supervisory sales positions.

14.     Plaintiff and those similarly situated were responsible for selling Defendants' laser-assisted liposuction, body contouring, cellulite reduction, wrinkle reduction, skin tightening, and facelift procedures, along with other medical-cosmetic services to Defendants' customers during consultations.

4

15.     Plaintiff and those similarly situated performed this sales work from inside Defendants' offices.

16.     Plaintiff and those similarly situated regularly worked more than forty (40) hours per week.  Plaintiff and those similarly situated were required to attend all appointments scheduled at Defendants' clinics.  Typically, Plaintiff and those similarly situated were required to arrive at least thirty (30) minutes before Defendant's clinic opened and stay until the last scheduled appointment ended and return phone calls after their last appointments each day.  This routinely required Plaintiff and those similarly situated to work in Defendant's clinic(s) 9 to 12 hours per day.  As a result, Plaintiff and those similarly situated often worked over forty (40) hours in a workweek.

17.     Plaintiff estimates that she typically worked at least ten (10) to fifteen (15) overtime hours per week.  Specifically, during the workweek of November 21 through November 27, 2015, Plaintiff estimates that she worked approximately fifteen (15) hours of overtime.  Plaintiff was the only consultant working in the office that particular week, and her manager instructed her to work long days (which included calling to follow up on potential sales leads), in order to meet the month-end sales goals.  Defendants did not compensate Plaintiff with an overtime premium for the overtime hours she worked.

18.    In addition, at least 1–2 weeks per month Plaintiff was required to work six days per week, for approximately 9 to 12 hours per day.  Defendants required Plaintiff and those similarly situated to work the six-day workweeks, and at times, seven days per week, at the end of the month in order to meet Defendants' sales quotas.  As a result, Plaintiff and those similarly situated often worked over forty (40) hours in a workweek.

19.    Defendants classified Plaintiff and those similarly situated as exempt from the FLSA's wage and hour protections.  Plaintiff and those similarly situated should have been classified as hourly, non-exempt employees.

20.    Defendants paid Plaintiff and those similarly situated an annual salary, plus bonuses.  They did not pay them an overtime premium for the hours they suffered or permitted them to work that exceeded forty (40) in a work week.

21.    Defendants were aware, or should have been aware, that Plaintiff and those similarly situated, performed work that required payment of overtime compensation.  Defendants routinely scheduled consultations six days a week from 9 a.m. to 6 p.m., which consultants were required to attend.  In addition, Plaintiff's supervisor required her and other patient care consultants to work as many hours as necessary to meet Defendants' sales quotas.  Plaintiff's supervisor instructed her to

arrive to work early, prior to the clinic's set opening time, and to work late, after the clinic closed.

22.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the law.

23.    There are numerous similarly situated individuals that are or were employed by Defendants who have also been denied overtime compensation in violation of the FLSA.  These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.  Those similarly situated employees are known to Defendant and readily identifiable through Defendant's records.

<u>**COUNT I**</u>
<u>**Violation of the FLSA: Failure to Pay Overtime**</u>

24.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

25.    Plaintiff brings this cause of action under 29 U.S.C. § 216(b) individually and on behalf of other similarly situated employees.  The proposed Collective Class for FLSA claims is defined as follows:

> All persons who worked as patient care consultants, traveling patient care consultants, sales consultants, or other similar job titles, for Defendants at any time during the three years prior to the filing of this Complaint to the present (the "FLSA Collective").

26.     Defendants are required under the FLSA, 29 U.S.C. § 207, to pay wages to Plaintiff and those similarly situated at a rate no less than one-and-one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

27.     Defendants improperly classified Plaintiff and those similarly situated as exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

28.     Defendants willfully failed and refused to pay Plaintiff and those similarly situated overtime wages for all hours worked in excess of forty (40) per week.

29.     Defendants' willful failure and refusal to pay Plaintiff and those similarly situated overtime wages for all time worked in excess of forty (40) hours per week in individual workweeks violates the FLSA, 29 U.S.C. §§ 207, 255.

30.     As a result of these unlawful practices, Plaintiff and others similarly situated suffered a loss of wages and are therefore entitled to recover unpaid wages for up to three years prior to the filing of their claims, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

**PRAYER FOR RELIEF**

Plaintiff, individually and on behalf of those similarly situated, prays for judgment against Defendants as follows:

A.  Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.  Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.  Judgment against Defendants for violation of the overtime provisions of the FLSA;

D.  Judgment that Defendants' actions as described above were willful;

E.  An award to Plaintiff and those similarly situated for the amount of unpaid wages owed and liquidated damages;

F.  An award of pre-judgment interest;

G.  An award of post-judgment interest;

H.  An award of reasonable attorneys' fees and costs;

I. Leave to add additional plaintiffs by motion, the filing of written consent

forms, or any other method approved by the Court;

J. Leave to add state law claims; and

K. For such other and further relief, in law or equity, as this Court may deem

appropriate and just.

Respectfully submitted on November 29, 2016.

**MAYS & KERR LLC**

s/John L. Mays
John L. Mays
Georgia Bar No. 986574
235 Peachtree St. NE, Suite 202
Atlanta, GA  30303
Tel/Fax: (404) 855-0820
Email: john@maysandkerr.com

**NICHOLS KASTER, LLP**
Matthew C. Helland, CA Bar No. 250451*
helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA  94111
Telephone: (415) 277-7235
Fax: (415) 277-7238
Email: helland@nka.com

**NICHOLS KASTER, PLLP**
Brittany B. Skemp, MN Bar No. 0395227*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55427
Telephone: (612) 256-3200
Fax: (612) 338-4878
Email: bbachmanskemp@nka.com

*Pro Hac Vice applications forthcoming*

**ATTORNEYS FOR PLAINTIFF AND
OTHERS SIMILARLY SITUATED**